# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| JARED WAYNE HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-517-TLS |
| | ) | |
| BRENT R. DECHERT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Jared Wayne Hunt, a prisoner proceeding pro se, filed a Complaint [ECF No. 1] on December 22, 2017, against Brent R. Dechert, an attorney that represented him in a criminal matter, along with a Motion for Leave to Proceed in forma pauperis [ECF No. 2]. He alleges that Attorney Dechert was ineffective in his representation and committed malpractice. He seeks a return of legal fees paid to Attorney Dechert and other monetary damages. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Hunt brings a claim under 42 U.S.C. § 1983 alleging that his State court criminal defense attorney was ineffective for advising him to sign an open plea bargain for a level 5 felony when his crime was only a level 6 felony. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A

criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, Hunt has not stated a claim under § 1983.

Hunt also alleges that his State court criminal defense attorney committed legal malpractice. This is a State law claim. Though it is possible to bring State law claims in federal court, "[i]n order to support diversity jurisdiction under 28 U.S.C. § 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Here, Hunt has not alleged that the amount in controversy exceeds $75,000. While Hunt paid $7,100 in legal fees, the other damages he seeks stem from his alleged wrongful conviction. However, it appears that his conviction is still intact. Unless and until his conviction is overturned, he cannot recover damages for wrongful conviction. *See Banks v. Preston Humphrey,* LLC, 609 F. App'x 351, 353 (7th Cir. 2015) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Furthermore, Hunt has not made any allegations about either his or Attorney Dechert's citizenship, but he has reported Indiana addresses for both himself and Dechert. Thus, it does not appear that the parties are citizens of different States.

Though it seems unlikely that Hunt can satisfy either of the requirements of diversity jurisdiction, Hunt will be given the opportunity to file an amended complaint if he believes he can meet the requirements. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the Court:

(1) **DIRECTS** the Clerk of Court to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Jared Wayne Hunt;

(2) **GRANTS** Jared Wayne Hunt until **February 16, 2018**, to file an amended complaint on that form; and

(3) **CAUTIONS** Jared Wayne Hunt that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current Complaint does not state a claim.

SO ORDERED on January 16, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT